UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CRIMINAL ACTION NO. 04-69-DLB

UNITED STATES OF AMERICA                                                               PLAINTIFF

VS.                                          **OPINION AND ORDER**

DWAYNE JOHNSON                                                                         DEFENDANT

IN RE:  PETITION OF CLAIMANT JOANNE SAMAD

*********************************

This matter is before the Court upon Plaintiff's motion for summary judgment. (Doc. #44-1). Claimant Joanne Samad has failed to file any response to the motion and the time for filing her response having long expired, the motion is ripe for review. For the reasons set forth below, the government's motion for summary judgment is granted, and Claimant's Petition is dismissed with prejudice.

**I.      Type of Action**

This is an ancillary proceeding brought by claimant Joanne Samad pursuant to 21 U.S.C. § 853. Samad is the mother of Defendant Dwayne Johnson, who was convicted of two counts of possession of controlled substances with intent to distribute.

**II.     Factual Background & Procedural History**

During the execution of state search warrants on February 20, 2004, Fort Mitchell, Kentucky police officers located 239.4 grams of cocaine in Defendant's 2000 Lexus automobile. At the time of the search, the Lexus was parked in the driveway of Defendant's Fort Mitchell residence.

During the search of the residence, and as relevant to this ancillary proceeding, officers found a Glock, .45 caliber pistol in an upstairs bathroom and $12,534 in U.S. currency in the kitchen. More specifically, the currency was discovered bundled with Defendant's driver's license and an extra key to the Lexus, inside a dog food bag. According to Defendant, storing cash in dog food is a common method of concealing the proceeds of drug transactions from drug detection canines.

Pursuant to a written plea agreement (Doc. # 26), on January 13, 2005, Defendant entered a plea of guilty to two drug counts and one firearm count. Johnson also pled guilty to two forfeiture counts. Count 11 of the Indictment alleged that $12,534 in U.S. currency was subject to forfeiture. On April 22, 2005, Defendant signed a consent decree of forfeiture acknowledging that the pistol and currency were used or intended to be used by him to facilitate the drug offenses charged in Counts 1 and 4 of the Indictment, or constituted proceeds which Defendant obtained as a result of his drug trafficking activities. (Doc. # 28) On that same date, Defendant was sentenced to seventy (70) month term of imprisonment.

Subsequent to the entry of a preliminary judgment of forfeiture regarding the currency, Defendant's mother, claimant Joanne Samad, filed a petition seeking the return of certain currency she contends belonged to her at the time of its seizure by the Fort Mitchell police. The government initially moved to strike Samad's claim, arguing that she lacked standing to contest the forfeiture and sought to dismiss Samad's claim pursuant to 21 U.S.C. § 853(n)(6). The Court denied the government's motion as premature and gave the parties sixty days to conduct discovery.

Upon review of the record, the parties conducted no paper discovery and the only discovery taken consists of claimant's February 3, 2006 deposition. That deposition has been filed of record. See Doc. # 43.

Claimant's deposition reveals that although she had claimed in her verified petition that she had advanced her son money to purchase a car, she testified that the amount loaned to Defendant was only $500.00. When asked when that money was loaned to Defendant, claimant's response was "sometime in 2001." Defendant did purchase a 1997 Cadillac which was subsequently stolen from him. In December 2002, Johnson received an insurance settlement check in the amount of $11,954.14.

Samad stated in her verified claim that Johnson cashed the insurance settlement check and gave the money to his mother for safe keeping. It is unclear how long she kept the insurance settlement money before she "transferred" it back to him. According to Samad, Johnson gave her $11,000.00 of the insurance settlement "to hold." Although Samad considered it her money because Johnson had borrowed money from her over the years, she did not testify that Johnson was repaying a previous debt when he gave her the money to hold. In fact, she specifically testified that she was holding it for him until he asked for it back.

While the insurance proceeds were in her custody, Samad kept the money in her safe. When she returned it to Johnson, the insurance proceeds were still in the envelope Johnson gave her. Johnson did not provide any testimony during the ancillary proceeding to augment or refute these facts.

### III.     Discussion

Rule 56 of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment as a matter of law only where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial.  *Id.* at 324.  All evidence and inferences based on evidence must be considered in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio* Corp., 475 U.S. 574, 587 (1986).  However, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1427, 1479-80 (6th Cir. 1989).

Pursuant to 21 U.S.C. § 853(n), third parties asserting a legal interest in forfeited property are entitled to a judicial determination of the validity of the interests they assert. *See* § 853(n)(2) (third parties asserting a legal interest in forfeited property may "petition the court for a hearing to adjudicate the validity of her alleged interest in the property"). However, to bring a claim under § 853(n), a petitioner must first establish standing to petition the court. To establish standing, a petitioner must demonstrate that she has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.  *See* 21 U.S.C. § 853(n)(6)(A), *see also United States v.*

4

*Campos,* 859 F.2d 1233, 1238  (6th Cir. 1988)

To have an interest in the seized currency superior to that of the Government, Ms. Samad must demonstrate her interest in the property "was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture." *See* 21 U.S.C. § 853(n)(6).  Here, the Government has alleged, and Johnson has admitted, he committed the acts giving rise to the forfeiture of the currency on or before February 20, 2004.

In this case, the only evidence to support claimant's claim of ownership in the $12,534.00 seized currency is her testimony that she loaned her son $500.00 to purchase a car.[1]  Equally problematic for claimant is the fact that her recollection is she loaned him the $500.00 "sometime in 2001."  The money was seized by law enforcement officials in February, 2004, more than two years after she purportedly loaned him the money.

Even if the Court assumes that Johnson purchased the 1997 Cadillac with the assistance of the $500.00 loan from claimant (which the Court will do for purposes of adjudicating the government's motion), the insurance settlement proceeds received by Johnson after the Cadillac was stolen belonged to him, not claimant.  The fact that Samad loaned her son money from time to time is insufficient to substantiate her claim to the insurance settlement proceeds or to the seized currency.  The fact that she may have held the insurance proceeds for Johnson in her safe for a period of time does not alter the Court's decision.

---

[1] According to her undisputed testimony, Samad loaned Johnson $500.00 to purchase the Cadillac, which was less than the full purchase price.  In fact, Johnson took out a loan to purchase the vehicle, evidenced by the fact that the insurance settlement check was made jointly payable to Johnson and United Acceptance, Inc..

Additionally and more importantly, Samad has presented no proof that the $12,534.00 in seized currency is the same money that she was holding for Johnson. Samad testified that Johnson gave her an envelope containing $11,000.00, and that the money was still in same that envelope when she returned it to him. Moreover, the amount of the seized currency was far greater than the amount Samad claims she loaned to Johnson ($500.00) and was also greater than the amount she testified she was holding for him ($11,000.00). Additionally, the seized currency was not in an envelope as described by Samad. Rather, it was seized in two bundles totaling $12,534.00.

Upon review of the record herein, and considering the undisputed evidence and inferences based on the evidence in the light most favorable to Ms. Samad, the Court concludes that summary judgment in favor of the government is warranted because there is no genuine issue of any material fact that would allow claimant to meet the burden of proof required to amend the preliminary order of forfeiture.

Simply put, claimant has failed to satisfy her burden of showing a legal right, title, or interest in the seized currency which was vested in her rather than the defendant or that such right, title, or interest was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture. The Court, therefore, finds that Ms. Samad lacks standing to claim a legal right or interest in the Defendant's forfeited currency. *See Campos*, 859 F.2d at 1239.

### IV. Conclusion

For the reasons set forth above, the Court finds that no genuine issue of material fact exists with regard to the propriety of the forfeiture of $12,534.00 in United States currency, and thus the government is entitled to summary judgment in its favor and the Ms.

Samad's Petition is hereby dismissed with prejudice.

Accordingly, **IT IS ORDERED** as follows:

1. That the motion of the plaintiff, United States of America, for summary judgment (Doc. # 44-1) be, and it is, hereby **granted**; and

2. That a separate Judgment shall enter concurrently herewith.

This 9th day of May, 2006.



Signed By:
_David L. Bunning_
United States District Judge

G:\DATA\Opinions\2-04-69-Order Granting SJ.wpd